**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trista Tramposch di Genova,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Olivia Russo, et al.,<br><br>　　　　Defendants. | No. CV-25-00598-TUC-JCH<br><br>**ORDER** |

Before the Court is pro se Plaintiff Trista Tramposch di Genova's Complaint alleging violations of 42 U.S.C. § 1983 and state law by Defendants Dr. Olivia Russo ("Dr. Russo") and VCA Animal Hospital, Tucson ("VCA") ("Complaint") (Doc. 1). Also before the Court is Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs ("Motion") (Doc. 2). The Court will grant the Motion and dismiss the Complaint and this case.

**I.　Application to Proceed In District Court Without Prepaying Fees and Costs**

The Motion indicates Plaintiff has insufficient funds to pay the filing fee. Good cause appearing, the Court will grant the Motion.

**II.　Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief."[1]

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Still, the Court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the Court determines a complaint could be cured by the allegation of additional facts, a pro se litigant is entitled to an opportunity to amend that complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

**III.   Complaint**

Plaintiff alleges the following facts in her Complaint:

On August 24, 2023, Plaintiff entrusted a third party, Zoe Skinner, to take her service dog, Hank/Dr. Hank, to the vet. Doc. 1 at 2. After having Hank for about an hour, Ms. Skinner took him to VCA. *Id.* Though Plaintiff told Ms. Skinner "that Hank was to receive antibiotics and post-surgical care . . . and requested a second opinion," Ms. Skinner represented to Dr. Russo that she was Hank's owner and said Hank should be euthanized. *Id.* Plaintiff's name, phone number, and address were listed on Hank's microchip and veterinary records. *Id.* Dr. Russo was required by Arizona state law to make reasonable efforts to contact Plaintiff before euthanizing Hank, but she did not. *Id.* Relying solely on Ms. Skinner's representations, Dr. Russo euthanized Hank. *Id.*

---

[1] The Court also has an independent obligation to dismiss a case if the Court determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As a result of Dr. Russo euthanizing Hank, Plaintiff's property was raided, and other animals in her possession were seized. *Id.* Plaintiff subsequently had a bench trial during which Dr. Russo falsely testified that Hank "would not have been 'as bad' had he been brought in sooner." *Id.* Plaintiff has suffered severe emotional distress and trauma among other damages resulting from the "cascading consequences" of Hank's euthanasia. *Id.*

**IV.     Analysis**

    **A.     Federal Law Claim**

The Complaint brings five counts: professional negligence and deprivation of property without due process against Dr. Russo, corporate negligence/failure to supervise against VCA, and intentional infliction of emotional distress and conversion/trespass to chattels against both Defendants. *See* Doc. 1 at 3. Count Two, deprivation of property without due process purportedly brought under 42 U.S.C. § 1983, is the only federal law claim alleged in the Complaint. *See id.* Under this Count, Plaintiff argues that her service animal was protected property under the Fourth Amendment, and Dr. Russo, "acting jointly with law enforcement and under color of state authority, deprived Plaintiff of property (Dr[.] Hank) without notice or opportunity to be heard." *Id.*

Generally, the guarantees in the Constitution run only against federal and state governments—not private individuals. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991). In other words, state action is required. But "[a]lthough the conduct of private parties lies beyond the Constitution's scope in most instances, governmental authority may dominate an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." *Id.* at 620. Only in limited circumstances can a private entity qualify as a state actor, including, relevant here, "when the government compels the private entity to take a particular action . . . [or] when the government acts jointly with the private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (citations omitted).

Here, Plaintiff states Dr. Russo "act[ed] jointly with law enforcement and under color of state authority" when she euthanized Hank. Doc. 1 at 3. But these words alone are

not enough to establish state action or state a claim under federal law. *See Iqbal*, 556 U.S. at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to state a claim]."). None of Plaintiff's factual allegations support this claim. Plaintiff brings Count Two only against Dr. Russo, who is a private citizen that Plaintiff does not allege works for a government entity.[2] Nowhere in the Complaint does Plaintiff allege any government entity was involved in the decision to euthanize Hank. *See generally* Doc. 1. The only factual allegation that insinuates Dr. Russo may have been involved in with any government entity is the claim that she testified at Plaintiff's bench trial, but this allegedly happened after Hank's euthanasia and therefore cannot support the deprivation of property claim. And, ultimately, the allegation flies in the face of common sense. Plaintiff cannot manufacture a federal claim simply by stating Dr. Russo was acting with law enforcement and under color of state authority.[3]

### B. State Law Claims

Because Plaintiff fails to state a federal claim, the Court will not exercise jurisdiction over her state law claims.

Federal courts are courts of limited jurisdiction. A federal basis, via either diversity of citizenship or federal question, is required for a federal court to adjudicate a case. *See Newtok Vill. v. Patrick*, 21 F. 4th 608, 615 (9th Cir. 2021). Here, Plaintiff does not allege diversity jurisdiction,[4] so the Court only has original jurisdiction if Plaintiff can

---

[2] VCA Animal Hospitals, the other Defendant in this case and Dr. Russo's alleged employer, is a corporation incorporated and headquartered in California. *See* Cal. Sec'y of St., *Business Entities*, https://bizfileonline.sos.ca.gov/search/business (last visited Jan. 13, 2026). *See also* Fed. R. Evid. 201 (a court may judicially notice facts "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

[3] Plaintiff has tried several times—unsuccessfully—to sue law enforcement for actions and events related to the allegations here. *See Tramposch di Genova v. Nosek et al.*, 4:23-CV-00524; *Tramposch v. Noon et al.*, 4:23-CV-00525; *Tramposch v. Pima Animal Care Center et al.*, 4:25-CV-00572; *Tramposch v. Noon et al.*, 4:25-CV-00573; *Tramposch di Genova v. Conover et al.*, 4:25-CV-00597. The Court suspects Plaintiff's allegations of law enforcement involvement pertain to the "escalating sequence of retaliatory and malicious events" that happened after Hank was euthanized, which were the subject of Plaintiff's prior suits.

[4] Plaintiff would be unable to establish diversity jurisdiction even if she attempted to assert it. Plaintiff is a resident of Tucson, Arizona, and Dr. Russo is a veterinarian operating in Pima County. *See* Doc. 1 at 1–2. Also, the facts alleged show Plaintiff could not meet the amount in controversy requirement. *See* 28 U.S.C. 1332(a).

establish federal question jurisdiction via her allegations in Count Two. A court has federal question jurisdiction when an action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. When a district court has original jurisdiction over an action, such as an action brought under federal law, 28 U.S.C. § 1367 allows the court to exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court can decline to exercise supplemental jurisdiction when the court has "dismissed all claims over which it has original jurisdiction." § 1367(c)(3).

Plaintiff has no federal claim. If her grievances against Defendants are actionable at all, they would be rooted in state law. Because Plaintiff's attempt to state a federal law claim has failed at the screening stage, it is unclear whether the Court has original jurisdiction over this case. Regardless, because the case has not progressed past screening, the Court would decline to use its discretion under 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (ordinarily when "all federal-law claims are eliminated before trial" a court should decline jurisdiction over the remaining state law claims). Accordingly, the Court will dismiss the Complaint in its entirety.

**V.     No Leave to Amend**

Though a pro se plaintiff is ordinarily entitled to an opportunity to amend her complaint before dismissal of the action, *see Lopez*, 203 F.3d at 1127–29, a court is not required to grant leave to amend when doing so would be futile. *See AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Here, the conduct Plaintiff is alleging was committed solely by private parties. The Court finds Plaintiff could not allege additional facts and state a claim under federal law. Without a viable federal claim, the Court will not exercise jurisdiction over this case. Accordingly, amendment is futile, and the Court will dismiss this case in its entirety.

///

## VI. Warnings

This case is one of five cases Plaintiff filed with the Court in 2025 and one of six cases she has filed related to the same series of events.[5] None of the complaints have made it past screening. *See id.* The Court has already warned Plaintiff on multiple occasions that if she continues to file frivolous lawsuits—particularly suits related to the events already alleged in this and five other previous cases—the Court may place restrictions on Plaintiff's ability to file in the District of Arizona.[6] Because this case was filed before the Court issued the previous warnings, the Court will not issue another official warning. Plaintiff is reminded, however, to heed the Court's past orders before filing another case in the District of Arizona, particularly a case related to these events, which have been thoroughly and repeatedly reviewed by this Court and found lacking.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED dismissing** the Complaint (Doc. 1) and this case in its entirety. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 14th day of January, 2026.

_____
John C. Hinderaker
United States District Judge

---

[5] *Tramposch di Genova v. Nosek et al.*, 4:23-CV-00524; *Tramposch v. Noon et al.*, 4:23-CV-00525; *Tramposch v. Pima Animal Care Center et al.*, 4:25-CV-00572; *Tramposch v. Noon et al.*, 4:25-CV-00573; *Tramposch di Genova v. Conover et al.*, 4:25-CV-00597; *Tramposch di Genova v. Russo et al.*, 25-CV-598 (instant case); *Tramposch di Genova v. Trump et al.*, 4:25-CV-00599.

[6] *See Tramposch di Genova v. Conover et al.*, 4:25-CV-00597 (Nov. 20, 2025) (first warning); *Tramposch v. Noon et al.*, 4:25-CV-00573 (Nov. 21, 2025) (second warning); *Tramposch di Genova v. Trump et al.*, 4:25-CV-00599 (Dec. 8, 2025) (third warning).